**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:20-cv-01480-RM-MEH

HIGH PLAINS HARVEST CHURCH, and
MARK HOTALING,

      Plaintiffs,

v.

JARED POLIS, in his official capacity as Governor of the State of Colorado, and
JILL HUNSAKER RYAN, in her official capacity as Executive Director of the Colorado
Department of Public Health and Environment,

      Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiffs' Renewed Motion for Temporary Restraining Order and for Preliminary Injunction. (ECF No. 35.) At the Court's direction, Defendants have filed a response to the motion. (ECF No. 39.) The Court denies the request for a temporary restraining order and sets a briefing schedule on the request for a preliminary injunction.

**I.     LEGAL STANDARDS**

To obtain a temporary restraining order or injunctive relief in any other form, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because a preliminary

injunction is an extraordinary remedy, the plaintiff's right to relief must be clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held.  *Id.*  Further, this circuit has identified three types of injunctions that are specifically disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits."  *Id.* at 1258-59 (quotation omitted).  To get a disfavored injunction, the moving party faces and even heavier burden of showing that the first and third factors above tilt in its favor.  *Free the Nipple—Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019).

**II.    BACKGROUND**

Plaintiffs alleged in their original complaint that government orders aimed at addressing the COVID-19 pandemic in place at that time[1] violated their First Amendment rights.  But after the United States Supreme Court denied an application for preliminary injunctive relief in a case substantially similar to theirs, *see S. Bay United Pentecostal Church v. Newsom*, No. 19A1044, 2020 WL 2813056 (2020), Plaintiffs withdrew their original motion for a temporary restraining order and preliminary injunction.  In the days that followed, thousands of people began to gather in Denver and other cities in Colorado to protest police violence.  Plaintiffs then filed an amended complaint, alleging that Defendants "permitted and encouraged these protest gatherings while continuing to impose draconian restrictions on religious gatherings."  (ECF No. 34 at ¶ 8.)  Plaintiffs seek to recommence in-person church services in numbers greater than fifty.  (ECF No. 34 at ¶ 42.)  They have now filed a renewed motion for a temporary restraining order and a

---

[1] Then, Plaintiffs were seeking to hold in-person religious services for up to fifty people, which is now permissible under the public health orders currently in place.

preliminary injunction, again seeking to enjoin Defendants from enforcing public health orders that limit their in-person church services.

### III.   ANALYSIS

Plaintiffs seek a disfavored injunction that would grant them essentially all the relief they request in their amended complaint, and therefore they have a high burden to meet. On the current record and in light of the Supreme Court's recent ruling in *South Bay United Pentecostal Church*, the Court finds Plaintiffs have not made a strong showing of a reasonable likelihood of success in this matter.

Citing Chief Justice Roberts' concurrence in *South Bay United Pentecostal Church*, Plaintiffs argue that "the key to the Court's decision, at least according to the Chief Justice, was that California was treating religious gatherings in a way that was comparable to 'comparable secular gatherings,' such as concerts movies, spectator sports, etc." (ECF No. 35 at 2.) But Plaintiffs' reliance on that concurrence is misplaced here. First, there is no evidence in the record that would support a finding that the outdoor protests are "comparable secular gatherings" to the indoor, in-person church services Plaintiffs seek to provide. Plaintiffs' conclusory assertion that "from an epidemiological perspective [the protests] were far more intense than any religious service" (*id.* at 2-3) is insufficient to establish a likelihood of success on the merits. And the notion that the non-enforcement of social distancing during a protest means that the State is engaged in a variety of constitutional misconduct directed at religious institutions is far from apparent. Indeed, as noted in the Chief Justice's concurrence, "[t]he precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement," and "[t]he notion that it is 'indisputably clear' that the Government's limitations are unconstitutional seems quite

improbable." *S. Bay United Pentecostal Church*, 2020 WL 2813056, at *1-2 (Roberts, C.J., concurring).

Nor have Plaintiffs adduced evidence that Defendants permitted or encouraged the protests. Plaintiffs contend that they are "prepared to submit substantial additional evidence" on this issue (ECF No. 40 at 1), and the Court will provide an opportunity for them to do so, albeit not in a TRO hearing as Plaintiffs request. On the current record, however, the assertion that Defendants are treating Plaintiffs differently from comparable secular gatherings is "improbable." For present purposes, Plaintiffs have failed to establish a clear and unequivocal right to the extraordinary relief they seek.

## IV. CONCLUSION

Accordingly, the Court DENIES Plaintiffs' request for a temporary restraining order and sets forth the following briefing schedule on their request for a preliminary injunction:

(1) Plaintiffs shall file any supplementary materials regarding the nature of the protests and Defendants' alleged encouragement of those protests on or before June 30, 2020;

(2) Defendants shall file a response within 21 days of such filing, or by July 21, 2020, whichever occurs sooner; and

(3) Plaintiffs shall file a reply within 7 days of Defendants' response.

The Court DENIES Plaintiffs' motion for a hearing (ECF No. 40).

DATED this 16th day of June, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge