**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 20-cv-1480-RM-MEH**

HIGH PLAINS HARVEST CHURCH; and
MARK HOTALING,

      Plaintiffs,

v.

JARED POLIS, in his official capacity as Governor of the State of Colorado; and
JILL HUNSAKER RYAN, in her official capacity as Executive Director of the Colorado
Department of Public Health and Environment,

      Defendants.

_____

**MOTION FOR INJUNCTION PENDING APPEAL**
_____

Plaintiffs move the Court pursuant to Federal Rule of Appellate Procedure 8(a)(1)(C)
and Federal Rule of Civil Procedure 62(d) for an injunction pending appeal from the Court's
August 10, 2020 Order denying their motion for preliminary injunction (ECF 53).

### CERTIFICATE OF CONFERRAL

The undersigned has conferred with counsel for Defendants concerning this motion.
Defendants oppose this motion.

### PROCEDURAL BACKGROUND

Plaintiffs filed their Verified First Amended Complaint and their Renewed Motion for
Preliminary Injunction on June 10, 2020 (ECF 34, 35).  On June 30, 2020, Plaintiffs submitted
a supplement to their motion for preliminary injunction, and they submitted a reply in support
of the motion on July 28, 2020 (ECF 43, 49).

The Court denied Plaintiffs' motion for preliminary injunction on August 10, 2020 (ECF 53).  On August 11, 2020, Plaintiffs appealed the Court's August 10, 2020 Order to the United States Court of Appeals for the Tenth Circuit.  *See* 28 U.S.C. § 1292(a)(1) (order denying request for preliminary injunction appealable).

## STANDARD OF REVIEW

Fed.R.App.P. 8(a)(1)(C) states that a party must ordinarily move first in the district court for an order granting an injunction while an appeal is pending.  Fed.R.Civ.P. 62(d) provides that while an appeal is pending from an interlocutory order that refuses an injunction, the Court may grant an injunction.  In evaluating a motion for an injunction pending appeal, the Court must consider (1) whether the moving party has shown they are likely to prevail on the merits of the appeal; (2) whether the moving party has shown irreparable harm if the injunction is not granted; (3) whether the injunction will substantially harm the other parties; and (4) where the public interests lie.  *Evans v. Bd. of Cty. Comm'rs of Cty. of Boulder, Colo.*, 772 F. Supp. 1178, 1181 (D. Colo. 1991).

## ARGUMENT

The standard for an injunction pending appeal is similar to the standard for a preliminary injunction, and the Court has already denied Plaintiffs' motion for a preliminary injunction.  Nevertheless, Plaintiffs must first pursue an appeal pending injunction here before they may request one on an emergency basis in the Tenth Circuit.  Fed.R.App.P. 8(a)(1)(C).  Plaintiffs therefore incorporate their legal arguments, reasoning and exhibits from their prior submissions in support of their renewed motion for preliminary injunction.  See ECF 34, 35, 43, and 49.  In summary, and without waiving any of the specific arguments made in those filings:

**1. Merits**.  The State has discriminated against Plaintiffs in violation of the First Amendment to the United States Constitution.  First, the Orders[1] violate Plaintiffs' free exercise rights, because they treat religious gatherings worse than similar (indeed far riskier) secular gatherings.  *Church of the Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 543 (1993).  The State granted a *de facto* exemption from the Orders to protesters who gathered in the thousands with no semblance of social distancing while simultaneously continuing to clamp down on Plaintiffs' religious gatherings that would number approximately 150 and which would be conducted in compliance with social distancing guidelines.  The State granted the *de facto* exemption even though it knew the protests posed a far greater risk to public health than Plaintiffs' proposed gatherings.

In addition, the State has violated Plaintiffs' free speech rights by self-consciously engaging in content-based discrimination.  Governor Polis stated:

> There's no doubt that [the protesters] faced an increased risk of infection. . . .
> Exercising our First Amendment rights of speech of gathering is a constitutionally
> protected right, and we want to make sure that everybody doing it is as safe as
> possible.

Hotaling Dec. ¶ 3(f).

Governor Polis stated that he was willing to allow the protests to proceed – even while acknowledging they presented an increased risk of infection – because he wanted to protect the First Amendment rights of the protesters.  At the same time the State imposed draconian limitations on the First Amendments rights of those, such as Plaintiffs, who desired to engage in religious speech.  This is a clear case of content-based regulation.  "Content-based laws—those

---

[1] The term "Orders" shall has the same meaning as set forth in Plaintiffs' renewed motion for preliminary injunction.

that target speech based on its communicative content—are presumptively unconstitutional." *Reed v. Town of Gilbert*, Ariz., 576 U.S. 155, 163 (2015)."

Finally, because this case involves both a free excercie claim and a free speech claim it is a "hybrid" case under *Employment Div., Dep't of Human Res. of Oregon v. Smith*, 494 U.S. 872, 881 (1990). Under Tenth Circuit precedent, a party establishes a violation of the free exercise clause even in the case of a neutral law of general applicability by showing that the challenged governmental action compromised both the right to free exercise of religion and an independent constitutional right. *Grace United Methodist Church v. City Of Cheyenne*, 451 F.3d 643, 655–56 (10th Cir. 2006). A plaintiff need only demonstrate that the companion constitutional claim is "colorable," meaning that the plaintiff must show a fair probability or likelihood, but not a certitude, of success on the merits. *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1297 (10th Cir. 2004). In this case the evidence shows far more than a "colorable" claim of content-based discrimination, and therefore Plaintiffs have established a hybrid claim. In that regard, both *South Bay United Pentecostal Church v Newsom*, 140 S. Ct. 1613 (2020) and *Calvary Chapel Dayton Valley v. Sisolak*, 2020 WL 4251360 (U.S. 2020), are distinguishable from this case, because neither case was analyzed under the hybrid case doctrine.

**2. Irreparable Harm**. The deprivation of "First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Plaintiffs' constitutional rights have been violated by the State and will continue to be violated absent immediate relief. The equities favor Plaintiffs because the law places a premium on protecting constitutional rights.

**3. Harm to Other Party and 4. Public Interest**. The third and fourth factors "merge" when the government is the opposing party. *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir.

2020).  The government suffers no harm from an injunction that merely ends unconstitutional practices.  *Doe v. Kelly*, 878 F.3d 710, 718 (9th Cir. 2017).   And "it is always in the public interest to prevent the violation of a party's constitutional rights."  *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1145 (10th Cir. 2013), *aff'd' sub nom. Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014) (quotations omitted).

## CONCLUSION

For these reasons and those in Plaintiffs' previous submissions, Plaintiffs request this Court to grant this motion for injunction pending appeal and allow the Church to resume its in person worship services in numbers up to 150 in compliance with social distancing guidelines.

Respectfully submitted this 11th day of August, 2020.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue
Suite 830
Denver, Colorado 80210
Voice:  (303) 205-7870
Fax:  (303) 463-0410
Email:  barry@arringtonpc.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to the following parties of record:

Natalie Hanlon Leh
Eric R. Olson
W. Eric Kuhn
Emily B. Buckley
Ryan K. Lorch
Office of the Colorado Attorney General
Ralph L. Carr Judicial Center
1300 Broadway, 10th Floor

Denver, Colorado  80203

*/s/ Barry K. Arrington*
_____
Barry K. Arrington