FILED
United States Court of Appeals
Tenth Circuit

November 12, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| HIGH PLAINS HARVEST CHURCH; MARK HOTALING,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>JARED POLIS, in his official capacity as Governor of the State of Colorado; JILL HUNSAKER RYAN, in her official capacity as Executive Director of the Colorado of Public Health and Environment,<br><br>    Defendants - Appellees. | No. 20-1280<br>(D.C. No. 1:20-CV-01480-RM-MEH)<br>(D. Colo.) |

_____

**ORDER**
_____

Before **LUCERO**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

High Plains Harvest Church and Mark Hotaling (Plaintiffs) seek injunctive relief pending the court's resolution of their interlocutory appeal of the district court's denial of their motion for a preliminary injunction. We deny Plaintiffs' motion because they have not made the required strong showing that they are likely to succeed on the merits of their appeal.

Plaintiffs are a church and its minister. Defendants are Colorado's Governor and the Executive Director of the Colorado Department of Public Health and Environment ("CDPHE"), both sued in their official capacities. In their amended complaint, Plaintiffs

Case 1:20-cv-01480-RM-MEH   Document 62   Filed 11/12/20   USDC Colorado   Page 2 of 5
Appellate Case: 20-1280     Document: 010110436748     Date Filed: 11/12/2020     Page: 2

challenge as unconstitutional certain Executive and Public Health Orders ("Orders") issued by Defendants related to the COVID-19 pandemic. They assert that a 50-person limitation on indoor worship services violates their free-exercise and free-speech rights under the First Amendment because Defendants have encouraged protests against police violence (the Protests), have exempted the Protests from the Orders' restrictions on outdoor gatherings, and have favored the Protests' message over Plaintiffs' religious speech.

The district court denied Plaintiffs' motion for a preliminary injunction, and Plaintiffs have filed an interlocutory appeal of that ruling. In their motion for an injunction pending appeal, Plaintiffs ask this court to enjoin Defendants from enforcing the Orders to the extent they prevent Plaintiffs from conducting indoor worship services with up to 150 persons following social distancing guidelines.

Tenth Circuit Rule 8.1 requires Plaintiffs to address the following factors: (1) "the likelihood of success on appeal"; (2) "the threat of irreparable harm if the . . . injunction is not granted"; (3) "the absence of harm to opposing parties if the . . . injunction is granted"; and (4) "any risk of harm to the public interest." In ruling on a request for an injunction pending appeal

> this court makes the same inquiry as it would when reviewing a district court's grant or denial of a preliminary injunction. Thus, [the court] must consider, based on a preliminary record, whether the district court abused its discretion and whether the movant has demonstrated a clear and unequivocal right to relief.

*Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (per curiam) (citation omitted).

Because Plaintiffs seek a type of injunction that is disfavored, we apply a heightened standard to their request for an injunction pending appeal. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). "[A] party seeking such an injunction must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Id.* at 1261 (internal quotation marks omitted).

In deciding Plaintiffs' appeal, this court will review the district court's denial of their motion for a preliminary injunction for an abuse of discretion. *See id.* at 1258. "The standard for abuse of discretion is high. The [movant] must show that the district court committed an error of law . . . or committed clear error in its factual findings." *Id.* (internal quotation marks omitted). Plaintiffs contend that, because they assert claims under the First Amendment, the district court's findings of constitutional facts are subject to de novo review. *See United States v. Friday*, 525 F.3d 938, 950 (10th Cir. 2008).

To decide whether Plaintiffs have made a strong showing that they are likely to succeed on the merits of their appeal, we apply the traditional constitutional tiered analysis to their First Amendment claims. In doing so, we are mindful that state officials may fight a global pandemic through emergency health orders. *See Jacobson v. Massachusetts*, 197 U.S. 11, 30-31 (1905); *see also S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020) (Roberts, C.J., concurring).

In support of their free-exercise claim, Plaintiffs contend that the Orders are subject to strict scrutiny under the reasoning in *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531-32 (1993). They maintain that the Orders are not

3

neutral and generally applicable because Defendants have created a de facto exemption from the Orders for the Protests that amounts to a "system" of "individualized exemptions." *Id.* at 537. In support of their free-speech claim, Plaintiffs contend that the Orders are subject to strict scrutiny under the reasoning in *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). They maintain that the Orders are not content-neutral because Defendants have created a de facto content-based exemption from the Orders for the Protests.

We conclude that, even under de novo review of constitutional facts, Plaintiffs have not shown error in the district court's factual finding that Defendants did not create a de facto exemption from the Orders for the Protests. Plaintiffs' contention rests on public comments by Governor Polis and a guidance document issued by CDPHE regarding the Protests. But the Governor's statements did not nullify the otherwise neutral and generally applicable Orders. *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020) (holding that a governor's "press release expressing sympathy for the protests[,] . . . untethered to any legislative or executive rule-making process, cannot change the law"). Plaintiffs point to no evidence of an affirmative state action creating such an exemption from the Orders applicable to the Protests. Finally, we construe the Supreme Court's denial of an injunction pending appeal in *Calvary Chapel Dayton Valley v. Sisolak*, 140 S. Ct. 2603 (2020) (Kagan, J.), as implicitly rejecting the argument that the Nevada Governor's encouragement of protests during the pandemic resulted in a de facto exemption from public health orders.

Plaintiffs therefore fail to show that the Orders are subject to strict scrutiny, and they do not alternatively argue that they are likely to succeed on the merits of their First Amendment claims if the Orders are subject to any lesser level of scrutiny. Consequently, because Plaintiffs have not made the required strong showing of a likelihood of success on the merits of their appeal, we deny their motion for an injunction pending appeal.[1]

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] The United States District Court for the District of Colorado recently issued a stay precluding enforcement of the Governor's public health order against the Denver Bible Church. *Denver Bible Church v. Azar*, No. 20CV02362, 2020 WL 6128994 (D. Colo. Oct. 15, 2020). Another panel of this Court is considering the district court's orders in that case. We express no opinion on the merits of the district court's orders in that case other than to note that the arguments presented in *Denver Bible Church* differ substantially from those advanced in this case.