Cite as: 592 U. S. ____ (2020)     1

KAGAN, J., dissenting

# SUPREME COURT OF THE UNITED STATES

No. 20A105

HIGH PLAINS HARVEST CHURCH, ET AL., *v.* JARED POLIS, GOVERNOR OF COLORADO, ET AL.

ON APPLICATION FOR INJUNCTIVE RELIEF

[December 15, 2020]

   The application for injunctive relief, presented to JUSTICE GORSUCH and by him referred to the Court, is treated as a petition for a writ of certiorari before judgment, and the petition is granted. The August 10 order of the United States District Court for the District of Colorado is vacated, and the case is remanded to the United States Court of Appeals for the Tenth Circuit with instructions to remand to the District Court for further consideration in light of *Roman Catholic Diocese of Brooklyn* v. *Cuomo*, 592 U. S. ___ (2020).

   JUSTICE KAGAN, with whom JUSTICE BREYER and JUSTICE SOTOMAYOR join, dissenting.

   I respectfully dissent because this case is moot. High Plains Harvest Church has sought to enjoin Colorado's capacity limits on worship services. But Colorado has lifted all those limits. The State has explained that it took that action in response to this Court's recent decision in *Roman Catholic Diocese of Brooklyn* v. *Cuomo*, 592 U. S. ___ (2020). See Brief in Opposition 15. Absent our issuing different guidance, there is no reason to think Colorado will reverse course—and so no reason to think Harvest Church will again face capacity limits. When "subsequent events" thus show that a challenged action cannot "reasonably be expected to recur," a case is well and truly over. *Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U. S. 167, 189 (2000) (internal quotation marks omitted).